### A. H. Bowman's Exrs. et al. *v.* J. A. Bowman et al.

[Abstract Kentucky Law Reporter, Vol. 4—613.]

**Liability of Devisees to Reimburse Executors.**

 A testator directed that his farm and other real estate should not be sold until his minor son should become of age, and that such real estate should be occupied as a home by his four daughters and infant son; and all the products of the farm and the stock on it were devised in the same manner, and the executors were to sell the land and personalty when the son should become of age and the proceeds be divided equally between all of his children, except that the minor son and each of the daughters were to have $1,000 more than the other children, and the proceeds were to be loaned by the executors and the income be paid to each. But it was further provided that if a majority of the four daughters asked it to be done, the executors were to sell such estate at any time prior to the son coming of age. The executors purchased certain articles for the girls expecting to pay for the same out of the proceeds from the farm, but before any proceeds were received they decided to have the property sold. It was held that from the income derived from the funds of each of said daughters after such sale, the executors should be reimbursed for the expenditures made for each before the sale.

APPEAL FROM MERCER COURT OF COMMON PLEAS.

January 4, 1883.

Opinion by Judge Pryor:

By the fifth clause of the will of Abram H. Bowman he directed that his farm in Mercer county, his home place and Johnson place

should not be sold until his son, A. Hill Bowman, arrived at age, and that the same should remain and be held, used and enjoyed as a home by his four daughters (naming them) and his infant son until that period. All the products of the farm as well as the use of the stock upon it and all farming implements were devised in the same manner for the support and maintenance of his daughters and infant son, the farm to be operated by his executors; and when the son arrived at majority everything was to be sold and the proceeds divided between all of his children, giving to these four daughters and infant son one thousand dollars each more than his other children, and providing that his son should be educated by his executors. He further directed that when the land and personalty should be sold the sum to which the daughters were entitled should be placed in the hands of a trustee and the income be paid over to his daughters, and at their death the principal estate go to their children, etc. The four daughters and infant son were entitled to the profits of the farm until the sale was made. The testator further provided that if a majority of his daughters requested a sale of the land and personalty to be made sooner (that is, before his infant son arrived at age), then the executors were required to sell and proceed to make a division of the estate as provided by his will. The first clause in the testator's will directed that his debts should be paid out of his personal estate.

In a few months after the death of the devisor his daughters required a sale of the land and the same was sold by his executors as directed by the will. The right of the daughters to require a sale is not controverted, and it is plain from the language of the will that the devisor intended to give to a majority of his daughters the right to a sale whenever they saw proper. One of the four daughters, Mrs. Rowland, married before the death of the testator and two shortly after his death, and the other was unmarried at the institution of this action. The executors, after they had qualified and by reason of the plenary power given them by the will, proceeded to apply the personal estate for the benefit of the unmarried daughters and the infant, or rather to authorize expenditures for their benefit, expecting to realize from the personal estate and the growing crops a sum sufficient to reimburse them. It appears that the estate was indebted in a much larger sum than was supposed by either the executors or the testator, and that in the payment of the debts the entire personal estate was exhausted, in-

cluding the crops upon the land at testator's death. When making his will the testator doubtless believed that his personal estate was ample to meet all of its liabilities without encroaching upon either the land or its products, but in this he was mistaken and the executors are without remedy for the money expended by them for the daughters unless the proceeds of the whole estate is bound for it, or unless the interest devised to the daughters can be subjected to its payment. The general estate can not be made liable, because it is evident that all expenditures for the benefit of the daughters out of the income of the land ended when the land was sold. It was a devise subject to the payment of debts; and besides, the benefit of the devise terminated by a sale of the land, the daughters then being entitled to their full share of the estate, and to equalize them with the other children they were given one thousand dollars more in the general division. The testator permitted his daughters to use and occupy the property until a majority of them saw proper to sell it, and having sold it there is no reason why the other children should contribute to pay such expenditures as they had incurred in the way of wearing apparel and wedding outfits, for no other reason than that they might have held the land for a longer period or that it took all the personal estate to pay the debts.

But while this is equitable as between the children there is but little justice or equity in rejecting altogether the accounts of the executors against Mrs. Ford, Mrs. Kinnard and Lucy A. Bowman. That these expenditures were actually made for the daughters is not denied, and a portion of the account against one of them was her wedding outfit; and in assuming the liabilities on account of these devisees the executors acted in the best of faith. It is urged that no payment can be made out of the proceeds of the land assigned to these particular devisees because their interest is devised to them for life only and then to their children. The income, however, they are entitled to, and whatever the income of the trust estate is the executors must have in order to reimburse them. The entire trust estate, including what has been paid over and what is due from the executors, must be loaned out by the trustee and the income paid over to the executors until their demand is satisfied, each one's interest being liable only for the amount they individually owe. The parties are all before the court, and before any personal judgment can be rendered against the executors in favor of those of the devisees who are indebted to them, they must

account to the executors for the amount they admit is owing. These parties were all able to contract and did contract for the items constituting the accounts of the executors against them; and we know of no rule of law or equity that forbids the chancellor from applying the income of a beneficiary in such a trust to the payment of his just debts. The income these devisees are entitled to and can compel their trustee to pay by action in the event of a refusal.

The chancellor should therefore ascertain the full amount owing by these three devisees, Mrs. Ford, Mrs. Kinnard and Lucy Bowman, and in requiring them to pay over to the trustee the amount owing each by the executors, should also ascertain the sum in the hands of the trustee and require him by the judgment to pay the income of each to these executors until their several demands are satisfied, and retain the case upon the docket that the judgment may be enforced as the income falls due. It is claimed as error that no personal judgment should have been rendered against the executors, as it was a petition for a settlement of the estate only and no personal judgment was asked. It appears that the money was in their hands and they could have relieved themselves of the judgment by paying it over to those entitled, and if this was the only error no reversal would be had. The devisees are not complaining of the allowance to the guardian *ad litem,* and we can not say that it was too large a sum.

This judgment is *affirmed* as to all but Ford and wife, Kinnard and wife, and Lucy Bowman. As to them the judgment is *reversed* and cause remanded for proceedings consistent with this opinion. The appellants are entitled to a judgment for costs against them, and the remaining appellees to a judgment for costs against appellants. It would perhaps be better for appellants to file an amended pleading, asking that the income be appropriated by the trustee to the payment of their debts.

*Thompson & Thompson, for appellants.*
*Vanwinkle & Rodes, for appellees.*